DOMENGEAUX, Chief Judge.
On October 31, 1991, Francis Deville filed a petition seeking judicial commitment of his brother, Shelton J. Deville (hereinafter referred to as the patient), under La. R.S. 28:54. A hearing was held on November 15,1991, and the trial court ordered the commitment of the patient to an appropriate treatment facility until such time as treatment is no longer necessary or beneficial. The patient appeals the commitment raising issues of procedure. We affirm.
In August of 1991, the patient was admitted to Allen Parish Hospital where he remained at the time the instant suit was filed. Subsequent to the filing of the instant suit, the trial judge scheduled a hearing for November 15, 1991, appointed an attorney with the Mental Health Advocacy Service to represent the patient, and ordered that the patient be served with the notice required by La.R.S. 28:54 C. The *1071 trial judge also ordered Southwest Health Care Management of Allen Parish Hospital to continue to confine the patient, and that his “treating physician ... report to this court on his mental condition and ... recommendations prior to the hearing of this matter.”
The patient was not present at the commitment hearing, and the record does not disclose the circumstances surrounding his absence. The petitioner, Francis Deville, testified, as did the patient’s mother and his treating physician. The patient’s medical records from Allen Parish Hospital were introduced into evidence. The patient presented no evidence. In this appeal, the patient does not question the substantive decision made by the trial court; rather, he presents only procedural issues for our review.
At the commitment hearing, counsel for the patient objected initially to the fact that the patient was not present. In overruling the objection, the trial judge relied on the case of In re Bryant, 214 La. 573, 38 So.2d 245 (1948), which held that the presence of the mental patient is not required at a commitment hearing. In order to decide the correctness of the trial court’s ruling, we must review the currently applicable statutory language which is found at La.R.S. 28:54 C:
C. Upon the filing of the petition, the court shall assign a time, not later than eighteen calendar days thereafter, shall assign a place for hearing upon the petition, and shall cause reasonable notice thereof to be given to the respondent, respondent’s attorney and the petitioner. The notice shall inform such respondent that he has a right to be present at the hearing; that he has a right to counsel; that he, if indigent or otherwise qualified, has the right to have counsel appointed to represent him by the Mental Health Advocacy Service, and that he has the right to cross examine witnesses testifying at any hearing on such application.
The quoted language does not require the presence of the patient at a commitment hearing. It requires only that the patient be notified of his right to be present. In the case sub judice, there is no allegation that the patient was not properly notified of his right to be present, nor is there any indication that the patient was prevented from exercising his right to be present. Furthermore, this court has previously held that a patient may waive his right to be present at his commitment hearing. See Commitment of Malvo, 343 So.2d 1178 (La.App. 3d Cir.1977), writ denied, 346 So.2d 207 (La.1977). Accordingly, we find no error in the trial court’s decision to proceed with the hearing without the presence of the patient.
The patient next contends the trial judge erred in allowing into evidence the patient’s medical records from Allen Parish Hospital, and allowing the oral testimony of the patient’s treating physician, in spite of his counsel’s assertion of the statutory physician-patient privilege found at La.R.S. 13:3734 B. We find that the privilege is not applicable in the instant case. The patient, prior to this proceeding, was confined at Allen Parish Hospital for diagnosis and treatment. When the present petition for judicial commitment was filed, the patient’s then current confinement at Allen Parish Hospital was continued, pending a hearing, by order of the trial court. The patient’s treating physician at Allen Parish Hospital was Dr. Escalona. In their continued confinement and treatment of the patient, both the hospital and Dr. Escalona acted as court appointed health care providers; the patient did not voluntarily seek their treatment.
The jurisprudence and statutory law of this state hold that the physician-patient privilege does not apply to court appointed medical experts. La.R.S. 15:476; Interdiction of Von Schneidau, 560 So.2d 942 (La. App. 1st Cir.1990); State v. Felde, 422 So.2d 370 (La.1982), cert. denied, 461 U.S. 918, 103 S.Ct. 1903, 77 L.Ed.2d 290 (1983); Force and Triche, The Current State of Evidentiary Privileges in Louisiana, 49 La.L.Rev. 733, at 744 (1989). For purposes of analogy, we note also that the privilege does not apply to court appointed psychologists. La.R.S. 37:2363 C(7).
*1072 The law is not specific, however, on whether the privilege can be used to exclude records kept pursuant to a court ordered hospitalization.[1] The statutory language relied upon by the patient to support his assertion of the privilege is found at La.R.S. 13:3734 C(7):
C. There shall be no privilege for any communication under this Section in the following circumstances to the extent indicated:
******
(7) If the respondent in an interdiction or commitment proceeding fails or refuses to speak to any court-appointed physician or other court-appointed expert. This exception shall apply only to communications made to a health care provider currently providing services to the respondent.
A fair reading of this provision leads us to conclude that if a treating health care provider can testify in spite of a privilege when a court appointed provider has no information to offer the court, then, necessarily, a court appointed provider who does have information, and whose purpose is in part to report to the court, can so testify in spite of the assertion of a privilege.
After reviewing the language of La.R.S. 13:3734 C(7), as well as the law cited above, we conclude that if a patient communicates with a court appointed health care provider, that communication, as defined in La.R.S. 13:3734 A(5), is not subject to a privilege. We find no error in the trial court’s decision to allow the testimony of Dr. Escalona and the medical records from Allen Parish Hospital.
The final issue raised by the patient is the trial court’s failure to comply with the provisions of La.R.S. 28:54 D(l), which authorizes the court to appoint a medical expert who will render a report to the court and to the patient’s counsel prior to the commitment hearing. This statute reads as follows:
D. (1) As soon as practical after the filing of the petition, the court shall review the petition and supporting documents, and determine whether there exists probable cause to believe that the respondent is suffering from mental illness which contributes or causes him to be a danger to himself or others, or to be gravely disabled, or is suffering from substance abuse which contributes or causes him to be a danger to himself or others or to be gravely disabled. If the court determines that probable cause exists, the court may appoint the respondent’s treating physician if available or, if none, then another physician, preferably a psychiatrist, to examine respondent and make a written report to the court and respondent’s attorney on the form provided by the office of human services of the Department of Health and Hospitals. ...
The trial court did comply with the requirements of subsection D(l). On October 81, 1991, the trial court issued an order which contained the following paragraph:
IT IS FURTHER ORDERED that EAST LOUISIANA STATE HOSPITAL and its superintendent are hereby authorized to detain the respondent until this commitment hearing is completed and that the defendant’s treating physician or physicians of the EAST LOUISIANA STATE HOSPITAL report to this court on his mental condition and their recommendations prior to the hearing of this matter.
On November 6, 1991, the trial court issued a supplemental order which read in part:
IT IS ORDERED that Southwest Health Care Management of Allen Parish Hospital is hereby ordered to continue to confine respondent, Shelton J. Deville, pending the hearing for judicial commitment.
Dr. Escalona was the patient’s treating physician.[2] He was ordered to make a *1073 report to the court prior to the commitment hearing, yet he failed to do so. The patient contends that because of this failure, Dr. Escalona’s testimony should have been excluded. We know of no statutory or jurisprudential authority for such a conclusion. First, the appointment of a physician who will report to the court is discretionary: “[T]he court may appoint the respondent’s treating physician ... to examine respondent and make a written report_” La. R.S. 28:54 D(l). Second, the statute does not provide that in the absence of an appointment, or in the absence of a report, a treating physician’s testimony must be excluded. Third, the patient has made no showing of prejudice from the physician’s failure to make a report. While we hesitate to require a showing of prejudice, which is neither statutorily nor jurispru-dentially discussed, we point out that in this case, the patient has not alleged any facts which would warrant exclusion of the physician’s testimony. Therefore, under the circumstances of this case, we conclude the trial judge properly allowed the oral testimony of Dr. Escalona.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the respondent, Shelton Deville.
AFFIRMED.
KNOLL, J., concurs and assigns reasons.

. See Force and Triche, supra, 49 La.L.Rev. at p. 745; Comment, Disclosure of Medical Information Under Louisiana and Federal Law, 65 Tul. L.Rev. 169, at 178-179; and the cases cited therein, for a discussion of the admissability of records from a voluntary hospitalization.

. We note for purposes of clarification that Dr. Escalona was the patient’s treating physician at *1073 Allen Parish Hospital, where the patient was confined from August of 1991 through the date of the hearing. Dr. Escalona, therefore, is the "treating physician” referred to in the October 31 order, although the hospital where he rendered treatment was misidentified. The November 6 supplemental order clarifies the situation, and the parties have not questioned the misnomer in the original order.